UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENULA BENSAM,

        Plaintiff,

        v.

JASON BRASGALLA, SHAYNE DOYLE,
DAVID FUSCO, JAMES HOWARD, SHERI
ROBINSON, THE U.S. DEPT. OF JUSTICE, and
THE UNITED STATES,

        Defendants.

No. 12 Civ. 5409 (ALC) (JLC)

ECF Case


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
# AMENDED COMPLAINT

PREET BHARARA
United States Attorney for the
Southern District of New York
By: CARINA H. SCHOENBERGER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2822
Facsimile:  (212) 637-2702
carina.schoenberger@usdoj.gov

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

    I.    This Court Has Already Dismissed Multiple Claims Asserted in Plaintiff's Complaint .......................................................................................................................... 4

    II.    Plaintiff Fails to State a *Bivens* Claim Against the USMS Employees ................... 5

        A.    *Bivens* Does Not Provide the Relief Plaintiff Seeks ................................... 5

        B.    Plaintiff Does Not Adequately Allege that the USMS Employees Were Personally Involved in the Alleged Constitutional Violations .......... 7

        C.    The Facts Alleged Do Not State a Claim for any Fourth Amendment Violation ........................................................................................................ 9

    III.    The USMS Employees Are Entitled to Qualified Immunity ............................... 10

CONCLUSION ............................................................................................................................. 12

Defendants Jason Brasgalla, Shayne Doyle, David Fusco, James Howard, Sheri Robinson, the United States Department of Justice ("DOJ"), and the United States (together, "Defendants"), by their attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Amended Complaint ("Complaint" or "Compl.") against them for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff, a law student proceeding *pro se*, brings suit against the United States, DOJ, and five individual Deputy United States Marshals (the "USMS employees") alleging that her cell phone was unconstitutionally seized and turned on after she deposited it with courthouse security at 500 Pearl Street. Plaintiff's meritless and speculative Complaint should be dismissed in its entirety.

The majority of the purported claims in the Complaint have already been reviewed and dismissed *sua sponte* by this Court. *See Bensam v. Bharara,* No. 12 Civ. 5409 (ALC), 2012 WL 3860029 (S.D.N.Y. Sept. 5, 2012). The remaining allegations, related to the handling of Plaintiff's cell phone, fail to state a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As an initial matter, the relief Plaintiff seeks, namely an order to stop the collection of electronic devices in courthouses and to expunge or produce any information collected about Plaintiff, is not the type that can be obtained from the individual USMS employees through a *Bivens* action. Moreover, Plaintiff has failed to adequately allege that any of the USMS employees personally violated her Fourth Amendment rights, or indeed, that her Fourth Amendment rights were violated at all. Finally, even if the Complaint did state a claim under *Bivens* (it does not), the USMS employees would be entitled to qualified immunity. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and her Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

In the late spring of 2012, Plaintiff began attending the trial in the matter of *United States v. Gupta*, presided over by Hon. Jed S. Rakoff in the federal courthouse at 500 Pearl Street in Manhattan.[1]  Compl. ¶ 1.  On three separate occasions, Plaintiff attempted to have unsolicited letters delivered to Judge Rakoff regarding issues being tried.  *Id.* ¶¶ 2, 4, 7.  On June 4, the day of Plaintiff's third attempt, Deputy United States Marshal ("DUSM") Sheri Robinson identified herself to Plaintiff in the courtroom and asked Plaintiff to speak with her in the hallway.  *Id.* ¶ 8.  Plaintiff consented.  *Id.*  DUSM Robinson, DUSM David Fusco, and DUSM Shayne Doyle asked Plaintiff about her letters to Judge Rakoff and requested identification.  *Id.* ¶¶ 9, 11.  Plaintiff refused to show identification and walked away from the deputies to the court security officers' ("CSO") station where Plaintiff had deposited her cell phone that morning according to courthouse policy.  *Id.* ¶ 12.  Plaintiff alleges that DUSM Robinson and the CSOs refused to return her phone unless she showed identification, so she chose to leave the courthouse.  *Id.* ¶¶ 12–14.

The next morning, Plaintiff returned to the courthouse to retrieve her phone, and either DUSM Jason Brasgalla or DUSM James Howard asked Plaintiff to show identification before returning the phone.  *Id.* ¶ 17.  Although Plaintiff refused to show identification, DUSM Brasgalla handed Plaintiff her phone.  *Id.*  Plaintiff alleges that when she left her phone with the CSO on June 4, it was turned off, but that when she flipped it open on June 5, it "showed the home screen and [she] knew that it had been earlier turned on."  *Id.* ¶¶ 16, 19.  Plaintiff does not allege that any of the USMS employees turned on or searched her phone or that she had any basis for believing that her phone had been searched by anyone.  *See id.* ¶¶ 16–38.  Plaintiff does not allege that DUSM Fusco, DUSM Doyle, or DUSM Howard ever handled her phone at all.  *Id.* ¶¶ 9, 12–13.

---

[1] The facts drawn from the Complaint are accepted as true for purposes of this motion only.

Plaintiff returned to the courthouse on June 6 to continue observing the *Gupta* trial. *Id.* ¶ 24. On this day, Plaintiff attempted to have a fourth letter delivered to Judge Rakoff. *Id.* Judge Rakoff took a break from the trial to have a sidebar with Plaintiff, *id.* ¶ 25, at which time he told her "I know you've tried to pass up some notes, but that cannot be permitted," Declaration of Carina H. Schoenberger, dated July 12, 2013, Exhibit A, Tr. 1.[2] Plaintiff took this opportunity to tell the judge that the USMS employees had "taken [her] cell phone and didn't return it" until she retrieved it the next day and took her photo "over [her] objections." *Id.* at Tr. 1-2. Judge Rakoff asked her if the USMS employees had done anything else, and Plaintiff responded "I think that was mostly all. Those are the things that stand out to me at this time." *Id.* at Tr. 2. During the sidebar, Plaintiff did not state that her cell phone had been searched by anyone. *Id.* at Tr. 1-4.

In July 2012, Plaintiff filed suit based on the allegations in her Complaint. Docket Entry 2. She named twelve defendants, including the current Defendants, the United States Attorney for the Southern District of New York, and the Assistant United States Attorneys handling the *Gupta* case. *Id.* This Court liberally construed Plaintiff's allegations as asserting tort and constitutional claims and dismissed the complaint *sua sponte*, except with respect to her "claims that [the USMS employees] refused or delayed returning her phone and searched her phone before returning it." *Bensam*, 2012 WL 3860029, at *4. For those claims, this Court determined that it was "unable to determine at this stage whether [Plaintiff] has sufficiently alleged a violation of her [Fourth

---

[2] Plaintiff's Complaint incorporates by reference the transcript of her sidebar with Judge Rakoff during the *Gupta* trial. Compl. ¶ 25. The Court may consider the transcript in evaluating Defendants' Rule 12(b)(6) motion because areas of consideration include "the factual allegations in [plaintiff's] complaint, which are accepted as true, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiff['s] possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

3

Amendment] rights," and ordered Plaintiff to amend her complaint. *Id.* at *4-5. The current Complaint alleges virtually the same facts as Plaintiff's original complaint. *Compare* Docket Entry 2 *with* Compl.

## ARGUMENT

**I.     This Court Has Already Dismissed Multiple Claims Asserted in Plaintiff's Complaint**

This Court has already dismissed Plaintiff's claims against the United States, DOJ and the USMS employees in their official capacities, and her claims against the USMS employees unrelated to the handling of her cell phone. *Bensam,* 2012 WL 3860029, at *4-5. Specifically, this Court concluded that, *inter alia*: Plaintiff's *Bivens* claims do not lie against federal officers in their official capacities, the United States, or DOJ, *id.* at *3; Plaintiff has not asserted any claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, or alleged that she filed an administrative claim with any agency, *id.* at *3 n.2; and the allegations that the USMS employees requested Plaintiff's identification and took her photograph do not state a claim for any constitutional violation, *id.* at *4.

There is no basis for re-adjudicating any of these claims as "[t]he related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are meant to protect parties from having to relitigate identical claims or issues and to promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998); *see also Criales v. Am. Airlines, Inc.*, 105 F.3d 93, 97 (2d Cir. 1997) (holding that dismissal of a complaint for failure to state a claim is presumed to be on the merits, unless the record states otherwise). To the extent that Plaintiff seeks to re-assert claims that were previously dismissed, such claims are barred under the doctrines of res judicata and collateral estoppel.

4

**II.     Plaintiff Fails to State a *Bivens* Claim Against the USMS Employees**

Plaintiff's Complaint does not state a claim upon which relief can be granted under *Bivens* and should be dismissed. *See* Fed. R. Civ. P. 12(b)(6). To state a *Bivens* claim, Plaintiff must allege facts plausibly showing that an individual acting under color of federal law violated rights secured by the constitution or laws of the United States. 403 U.S. 388 (1971). While the Court must assume all well-pleaded factual allegations to be true in considering a Rule 12(b)(6) motion, allegations that are "no more than conclusions[] are not entitled to the assumption of truth," and "'naked assertions' devoid of 'further factual enhancement,'" and "the-defendant-unlawfully-harmed-me accusation[s]" are not sufficient to show that a plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 557 (2007)). Nor must a court accept as true "legal conclusions" or "'a legal conclusion couched as a factual allegation.'" *Id.* at 678. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**A.  *Bivens* Does Not Provide the Relief Plaintiff Seeks**

Plaintiff's suit against the individual USMS employees seeks changes to courthouse policies and an order requiring that "[a]ny and all information collected on [Plaintiff] be . . . expunged" and an accounting of such information be given to Plaintiff. Compl. ¶¶ 39-40. Plaintiff does not seek money damages. *Id.* ¶¶ 39-42.[3]

*Bivens* actions are limited to suits against individuals for monetary damages, which Plaintiff does not seek here. *See Bivens*, 403 U.S. at 410 ("For people in *Bivens'* shoes, it is damages or nothing."); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a

---

[3]  Plaintiff does seek "court fees and attorney fees where they may arise," Compl. ¶ 41, however, such fees and costs do not exist because Plaintiff is not represented by an attorney and has been authorized to proceed *in forma pauperis* without payment of court fees, Docket Entry 3.

*Bivens* action is an award for monetary damages from defendants in their individual capacities.") (citing *Palanco v. U.S. D.E.A.*, 158 F.3d 647, 652 (2d Cir. 1998)). Instead, Plaintiff seeks injunctive remedies in the form of an order changing unspecified courthouse policies and requiring the destruction or production of government records. Compl. ¶¶ 39-40.

To the extent that federal officials can ever be sued for injunctive relief, the specific relief Plaintiff seeks would not be available because the doctrine of sovereign immunity bars suits where, "the relief requested . . . will require affirmative action by the sovereign." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 691 n.11 (1949); *but see Dotson v. Griesa*, 398 F.3d 156, 177 n.16 (2d Cir. 2005) (noting that "the Supreme Court . . . indicates that no bar prevents a federal court from granting equitable relief in the form of an order directing government officials to reinstate either benefits or employment"). As a practical matter, the USMS employees cannot, in their individual capacities, change official policies or destroy or produce government records, even under a court order. Indeed, it is not clear that the type of policies Plaintiff wants changed emanate from the USMS, let alone the individual USMS employees. *See, e.g.*, *In re Elec. Devices & Gen. Purposes Computing Devices*, Standing Order M10–468, ¶ (a) (S.D.N.Y. Feb. 17, 2010), *available at* http://www.nysd.uscourts.gov/rules/Standing_Order-Electronic_Devices-General_Purpose-Feb%202010.pdf ("No one other than court officials engaged in the conduct of court business shall bring any . . . Personal Electronic Device, or General Purpose Computing Device into the courthouses of this district and their environs except as permitted by this rule.") (adopted by the Board of Judges of the Southern District of New York). Finally, because the events Plaintiff describes in her Complaint occurred in the past and do not suggest any future effects, injunctive relief is not an appropriate remedy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if

unaccompanied by any continuing, present adverse effects.") (internal quotation marks and citation omitted).

Because a *Bivens* action cannot provide the relief Plaintiff seeks, her Complaint should be dismissed.

### B. Plaintiff Does Not Adequately Allege that the USMS Employees Were Personally Involved in the Alleged Constitutional Violations

Essential to any *Bivens* claim are allegations that each named defendant was "personally involved in the claimed constitutional violation." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009); *see also Iqbal*, 556 U.S. at 676 (to state a *Bivens* claim, plaintiff "must plead that each Government-official defendant, through the official's own individual actions" violated a clearly established constitutional right); *Black v. United States*, 534 F.2d 524, 527–28 (2d Cir. 1976) (*Bivens* complaint must allege direct and personal responsibility for unlawful conduct). Because Plaintiff does not allege that the USMS employees were personally involved in constitutional violations, her *Bivens* claims against each of them fails.

The only claims that have not previously been dismissed in this case are those based on Plaintiff's allegations that the USMS employees "refused or delayed returning her phone and searched her phone before returning it." *Bensam,* 2012 WL 3860029, at *4. However, Plaintiff has not adequately alleged personal involvement by the USMS employees sufficient to support these claims.

First, with respect to any claim that Plaintiff's cell phone was searched, although Plaintiff alleges that her phone was powered on when she retrieved it from the CSOs, she does not allege that any one of the USMS employees turned it on. *See* Compl. ¶ 19. Plaintiff nowhere alleges that her phone was searched, and she certainly does not specify any individual who conducted such a search.

7

*See id.* ¶¶ 19-28. Absent allegations that the USMS employees, through their "own individual actions," caused Plaintiff's phone to be unreasonably searched, Plaintiff cannot maintain a *Bivens* action against any one of them on this basis. *Iqbal*, 556 U.S. at 676.

Second, with respect to a claim that the return of Plaintiff's cell phone was refused or delayed, Plaintiff has again failed to adequately plead personal involvement by the USMS employees sufficient to maintain a claim for a constitutional violation. Plaintiff does not allege that DUSM Fusco, DUSM Doyle, or DUSM Howard was personally involved in refusing or delaying the return of Plaintiff's phone or in handling it in any way. Compl. ¶¶ 9, 12–13. DUSM Brasgalla plainly did not refuse or delay the return of Plaintiff's phone because Plaintiff alleges that he handed her the phone when she asked for it, even after she refused to show identification. *Id.* ¶ 17. Finally, as to DUSM Robinson, Plaintiff alleges only that she required Plaintiff to show identification before the CSO could return her phone. *Id.* ¶ 12. This is insufficient to demonstrate that DUSM Robinson was personally involved in a constitutional violation because this Court already concluded that the USMS employees' requests for identification did not violate Plaintiff's constitutional rights, *Bensam,* 2012 WL 3860029, at *4, and, as discussed *infra* Section II.C., "[w]here . . . an initial seizure of property was reasonable, defendants' failure to return the items does not, by itself, state a separate Fourth Amendment claim of unreasonable seizure," *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004).

Since a complaint against government officials based on constitutional violations is "fatally defective on its face" when it does not allege the personal involvement of each defendant, Plaintiff's Complaint must be dismissed. *See Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks and citations omitted).

### C. The Facts Alleged Do Not State a Claim for any Fourth Amendment Violation

The Complaint should also be dismissed because Plaintiff has not pled "factual content that allows the court to draw the reasonable inference" that her Fourth Amendment right to be free from unreasonable searches and seizures was violated. *Iqbal*, 556 U.S. at 678.

Any claim that Plaintiff's cell phone was unreasonably searched fails to satisfy the applicable pleading standards because it is wholly speculative, and "[t]o survive a motion to dismiss . . . a complaint must allege a plausible set of facts sufficient to raise a right to relief above the speculative level." *Capital Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 219 (2d Cir. 2012) (internal quotation marks and citation omitted). Plaintiff alleges only that the home screen of her phone appeared when she flipped it open, and so she "knew that it had been earlier turned on." Compl. ¶ 19. At best, this allegation could support an inference that Plaintiff's phone was turned on at some point between when she deposited it with the CSOs and when she retrieved it. It provides no basis for an inference that her phone was searched at any point by any individual. Plaintiff does not allege that any of the Defendants said or did anything that would indicate that her phone had been searched. *See, e.g.*, Compl. ¶¶ 19-28.

Plaintiff's allegations also fail to support a claim that her phone was unreasonably seized in violation of the Fourth Amendment. Plaintiff alleges that the phone she voluntarily deposited with the CSOs at the courthouse on June 4, 2012, was not returned to her until June 5. Compl. ¶¶ 12-17. This does not state a Fourth Amendment violation because Plaintiff's cell phone was never unreasonably seized within the meaning of the Constitution. Plaintiff voluntarily left her phone with the CSOs and "[w]here . . . an initial seizure of property was reasonable, defendants' failure to return the items does not, by itself, state a separate Fourth Amendment claim of unreasonable seizure." *Shaul*, 363 F.3d at 187; *accord Ahlers v. Rabinowitz*, 684 F.3d 53, 62 (2d Cir. 2012); *see also Fox v. Van Oosterum*, 176

F.3d 342, 351 (6th Cir. 1999) ("[T]he Fourth Amendment protects an individual's interest in retaining possession of property but not the interest in regaining possession of property."); *Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003) ("The [Fourth] amendment then cannot be invoked by the dispossessed owner to regain his property. [Plaintiff]'s car was seized when it was impounded. . . . Conditioning the car's release upon payment of towing and storage fees . . . neither continued the initial seizure nor began another."). Even accepting as true the allegation that DUSM Robinson required Plaintiff to show identification before the CSO could return her phone, Compl. ¶ 12, the overnight retention of Plaintiff's voluntarily-forfeited phone does not constitute a violation of Plaintiff's constitutional rights.

### III.     The USMS Employees Are Entitled to Qualified Immunity

The Amended Complaint should be dismissed for the additional reason that the USMS employees are entitled to qualified immunity, the doctrine under which "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Martinez v. Simonetti*, 202 F.3d 625, 633-34 (2d Cir. 2000). The doctrine "recognizes that officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated." *Davis v. Scherer*, 468 U.S. 183, 195 (1984). Accordingly, the inquiry focuses on "whether the officer had fair notice that [the] conduct was unlawful." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Here, the USMS employees' alleged conduct was not unlawful and nothing would have put them on notice that it was.

In determining whether qualified immunity applies, the threshold question is whether, taken in the light most favorable to Plaintiff, the facts alleged demonstrate that "the officer's conduct violated a

10

constitutional right." *Saucier v. Katz,* 533 U.S. 194, 201 (2001).[4] If the alleged conduct does not violate a constitutional right, then qualified immunity applies, and no further inquiry is necessary. *See id.* Here, the Court need not inquire beyond this threshold question because, as discussed *supra* Section II.C., the facts alleged do not state a claim for any Fourth Amendment violation. Nothing beyond mere speculation indicates that Plaintiff's phone was searched, and none of the USMS employees unreasonably seized it.

To the extent that DUSM Robinson's request for Plaintiff's identification can be viewed as causing a delay in returning Plaintiff's phone, DUSM Robinson could not have been on notice that such a request was unlawful. Even where the right alleged to have been infringed is clearly established, a public official is still entitled to qualified immunity if he "reasonably believed that his actions did not violate the plaintiff's rights." *Loria v. Gorman*, 306 F.3d 1271, 1282 (2d Cir. 2002) (citing *Poe v. Leonard*, 282 F.3d 123, 133 (2d Cir. 2002)). The USMS is responsible for the "implementation of courtroom security requirements for the federal judiciary," the "provision of assistance in the protection of Federal property and buildings," and the protection of federal judges. 28 C.F.R. § 0.111(d)–(f); *see also Callahan v. United States*, 329 F. Supp. 2d 404, 408 (S.D.N.Y. 2004) ("[I]t clear from the statutory scheme that Congress has left to the discretion of the Marshals Service how to protect federal judges who are threatened."). In carrying out these duties, USMS employees are permitted to question individuals and request identification. *See Cornett v. Sixteen Unknown Named Court Marshals*, No. 91 Civ. 4795 (JFK), 1992 WL 96357, at *3 (S.D.N.Y. Apr. 28, 1992). In light of Plaintiff's

---

[4] In *Pearson v. Callahan*, the Supreme Court determined that the sequence of the analysis set forth in *Saucier* was no longer mandatory, *i.e.,* that courts may first assess whether there is a clearly established constitutional right before determining whether the allegations before them make out a constitutional violation. 555 U.S. 223, 236 (2009). Nonetheless, the Supreme Court recognized that the *Saucier* analysis is "often beneficial," and that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

unusual behavior, including sending unsolicited, handwritten letters to a federal judge in a case in which she was not involved, DUSM Robinson's alleged conduct fell well within the lawful performance of her duties as a Deputy U.S. Marshal. Plaintiff has pointed to no legal standard that would give fair notice that such conduct would unlawfully deprive Plaintiff of her Fourth Amendment rights, and qualified immunity applies.

## CONCLUSION

For the forgoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint against them in its entirety with prejudice, and grant any further relief that the Court deems appropriate.

Date:  New York, New York
       July 12, 2013

       PREET BHARARA
       United States Attorney for the
       Southern District of New York
       Attorney for Defendants

By:  /s/ Carina H. Schoenberger
     CARINA H. SCHOENBERGER
     Assistant United States Attorney
     86 Chambers Street, Third Floor
     New York, New York  10007
     Tel: (212) 637-2822
     Fax: (212) 637-2702
     carina.schoenberger@usdoj.gov